UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TEK NEK TOYS INTERNATIONAL, INC., 1904 Industrial Boulevard, Suite 100, Colleyville, Texas 76034 | : : : : : : : : : : : : : : | Civil Action No. _____ **COMPLAINT** **(Jury Demand Endorsed Hereon)** |
| Plaintiff, | | |
| v. | | |
| RADIO ROAD TOYS, LLC, 4720 Radio Road Naples, Florida 34104 | | |
| Defendant. | | |

Plaintiff Tek Nek Toys International, Inc., and for its Complaint against Defendant Radio Road Toys, LLC, by its undersigned counsel, hereby alleges as follows:

**PARTIES**

1. Plaintiff Tek Nek Toys International, Inc. ("Tek Nek") is a Texas corporation with its principal place of business located at 1904 Industrial Boulevard, Suite 100, Colleyville, Texas 76034, and engages in, among other things, the development, manufacture, and sale of interactive ride-on toy animals with moveable mouths that simultaneously make sounds and a single electronically programmed chip that operates the mouth and sounds.

2. Upon information and belief, Defendant Radio Road Toys, LLC ("Defendant") is a Florida corporation with its principal place of business located at 4720 Radio Road, Naples, Florida 34104, and engages in, among other things, the development, manufacture, and sale of interactive ride-on toy animals with moveable mouths that simultaneously make sounds and a single, electronically programmed chip that operates the mouth and sounds.

3. Upon information and belief, Defendant markets and sells interactive ride-on toy animals with moveable mouths that simultaneously make sounds through its business partners and various retailers, including through retail stores and company websites.

## JURISDICTION & VENUE

4. The following claims for patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§1 *et seq.* This Court has jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed and/or induced acts of infringement in this District in violation of 35 U.S.C. § 271 and/or has purposefully placed infringing products into the stream of commerce through retailers and/or established distribution channels and knew or reasonably could have foreseen that such products would be purchased by residents of Ohio and this District. Tek Nek's cause of action arises out of these activities which have caused and continue to cause injury to Tek Nek within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and pursuant to 28 U.S.C. §1400(b) because events giving rise to this action took place within this District.

## STATEMENT OF FACTS

7. Tek Nek is the owner of U.S. Patent No. 6,524,156 (the '156 Patent), issued on February 25, 2003, entitled "Talking Stick Horse." A copy of the '156 Patent is attached hereto as Exhibit A. Tek Nek is also the owner of U.S. Patent No. 6,780,076 (the '076 Patent), issued on August 24, 2004, entitled "Talking Stick Horse." The '076 Patent is a continuation of the '156 Patent. An Ex Parte Reexamination Certificate for the '076 Patent was issued on May 22,

2012.  A copy of the '076 Patent is attached hereto as Exhibit B.  The '156 Patent and the '076 Patent are collectively referred to as the "Tek Nek Patents."

8. Defendant offers for sale and sells on its website (http://radioroadtoys.com/product.php?product=34) interactive ride-on toy animals (*e.g.,* Item Name ROC-BNC-PONY ROC & Bounce Pony).

9. Upon information and belief, Walmart has 10,800 locations world-wide, and 173 retail units located in the State of Ohio and this District.

10. Upon information and belief, Walmart is part of Defendant's continuous and established distribution channels in Ohio and this District.

11. Upon information and belief, Defendant sells and offers to sell its infringing interactive ride-on toy animals with moveable mouths that simultaneously make sounds to its business partners and various retailers, including Walmart.

12. Upon information and belief, Defendant placed its interactive ride-on toy animals with moveable mouths that simultaneously make sounds into the stream of commerce and knew or reasonably could have foreseen that Walmart offers for sale and sells on its website (http://www.walmart.com/ip/Radio-Road-Toys-Rock-and-Bounce-Pony-with-Sound-and-Motion/211887710 Defendant's infringing interactive ride-on toy animals with moveable mouths that simultaneously make sounds (*e.g.*, Item Name Radio Road Toys Rock & Bounce Pony with Sound and Motion).

13. Walmart states on the above website that with regard to the Radio Road Toys Rock & Bounce Pony with Sound and Motion: "Your little one will have hours of fun on this Rock & Bounce Pony.  It features realistic galloping and whinnying sounds, life-like mouth movement."

3

14. Upon information and belief, Walmart has sold and shipped Radio Road Toys Rock & Bounce Pony with Sound and Motion to customers residing in Ohio and this District.

15. Defendant directly and/or through subsidiary companies, retailers, or other distribution channels, including Walmart, designs, makes, uses, imports, offers to sell, or sells infringing interactive ride-on toy animals with moveable mouths that simultaneously make sounds, including the Radio Road Toys Rock & Bounce Pony with Sound and Motion, in this District and elsewhere in the United States, without authority from Tek Nek, and will continue to do so unless enjoined by this Court. Tek Nek owned the Tek Nek Patents throughout the period of Defendant's infringing acts and still owns the Tek Nek Patents.

16. Tek Nek has marked all its interactive ride-on toy animals with moveable mouths that simultaneously make sounds with a sewn-on label indicating "Pat No. US 6,780,076 / 6,524,156" in accordance with the provisions of 35 U.S.C. § 287.

17. By marking its ride-on toy animals with "Pat No. US 6,780,076 / 6,524,156," Tek Nek has put all prospective companies on notice that a claim for infringement of the Tek Nek Patents could, and likely would, be asserted by Tek Nek against any company that attempts to market and sell infringing interactive ride-on toy animals in the United States prior to the expiration of the Tek Nek Patents.

**FIRST CLAIM FOR RELIEF**

(Infringement of the '156 Patent)

18. Tek Nek incorporates by reference the factual allegations set forth in paragraphs 1 through 17 above as if set forth herein in full.

19. Defendant has infringed and/or is directly infringing the '156 Patent by making, marketing, demonstrating, using, importing, offering to sell, or selling interactive ride-on toy

4

animals with moveable mouths that simultaneously make sounds protected by one or more claims of the '156 Patent in violation of 35 U.S.C. § 271(a) and will continue to do so unless it is enjoined by this Court.

20. Defendant has actively induced, and will continue to actively induce, others to infringe the '156 Patent throughout Ohio, within this District, and elsewhere throughout the United States by, among other activities, actively and knowingly aiding and abetting retailers and/or other distribution channels, including Walmart, to make, use, sell, or offer to sell interactive ride-on toy animals with moveable mouths that simultaneously make sounds protected by one or more claims of the '156 Patent in violation of 35 U.S.C. § 271(b), did so with knowledge of the '156 Patent, and will continue to do so unless it is enjoined by this Court.

21. Defendant's infringement and/or inducement of infringement of Tek Nek's '156 Patent as set forth herein has been and is deliberate and willful since Tek Nek marked its products with patent numbers that cover those products, making this an exceptional case within the meaning of 35 U.S.C. § 285.

22. Defendant's infringement and/or inducement of infringement by Defendant of Tek Nek's '156 Patent has caused and will continue to cause monetary damage and irreparable harm for which it has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

(Infringement of the '076 Patent)

23. Tek Nek incorporates by reference the factual allegations set forth in paragraphs 1 through 22 above as if set forth herein in full.

24. Defendant has infringed and/or is directly infringing the '076 Patent by making, marketing, demonstrating, using, importing, offering to sell, or selling interactive ride-on toy

5

animals with moveable mouths that simultaneously make sounds protected by one or more claims of the '076 Patent in violation of 35 U.S.C. § 271(a) and will continue to do so unless it is enjoined by this Court.

25. Defendant has actively induced, and will continue to actively induce, others to infringe the '076 Patent throughout Ohio, within this District, and elsewhere throughout the United States by, among other activities, actively and knowingly aiding and abetting retailers and/or other distribution channels, including Walmart, to make, use, sell, or offer to sell interactive ride-on toy animals with moveable mouths that simultaneously make sounds protected by one or more claims of the '076 Patent in violation of 35 U.S.C. § 271(b), did so with knowledge of the '076 Patent, and will continue to do so unless it is enjoined by this Court.

26. Defendant's infringement and/or inducement of infringement of Tek Nek's '076 Patent as set forth herein has been and is deliberate and willful since Tek Nek marked its products with patent numbers that cover those products, making this an exceptional case within the meaning of 35 U.S.C. § 285.

27. The infringement by Defendant of Tek Nek's '076 Patent has caused and will continue to cause monetary damage and irreparable harm for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Tek Nek requests judgment:

a. That each of the Tek Nek Patents, and claims thereof, are valid and enforceable;

b. That Defendant has infringed one or more of the claims of each of the Tek Nek Patents and that its infringement has been willful;

      c.      That Defendant is liable for inducement of infringement of one or more of the claims of the Tek Nek Patents and that its inducement of infringement has been willful;

      d.      That Tek Nek has been irreparably harmed by the infringing activities of Defendant;

      e.      That Defendant, its respective parent and/or subsidiary companies, officers, agents, servants, employees and those persons in active concert or participation with any of them, including retailers and/or other distribution channels, not limited to Walmart, as well as all successors or assignees of the interests or assets related to the infringing interactive ride-on toy animals, be preliminarily and permanently enjoined and restrained from further infringement and/or inducement of infringement of the Tek Nek Patents;

      f.      That Tek Nek be awarded damages adequate to compensate for Defendant's infringement, which shall include lost profits, but in no event shall be less than a reasonable royalty for the use made of the inventions of the Tek Nek Patents by Defendant including pre- and post-judgment interest and costs, including expenses;

      g.      That, once actual damages are assessed, damages so ascertained be trebled in view of the willful and deliberate nature of the infringement and be awarded to Tek Nek;

      h.      That this case be declared an exceptional case in that Tek Nek be awarded its attorneys' fees; and

      i.      That Tek Nek be awarded such further necessary or proper relief this Court may deem just and equitable.

           Respectfully submitted,

           */s/ Douglas J. Feichtner*
           Joshua A. Lorentz (0074136)
           Douglas J. Feichtner (0075160)
           DINSMORE & SHOHL LLP
           255 East Fifth Street, Suite 1900
           Cincinnati, Ohio 45202
           Telephone: (513) 977-8200
           Facsimile: (513) 977-8141
           Email:  joshua.lorentz@dinsmore.com
           Email:  doug.feichtner@dinsmore.com

           *Attorneys for Plaintiff*
           *Tek Nek Toys International, Inc.*

## **JURY DEMAND**

Pursuant to Rule 38(b), of the Federal Rules of Civil Procedure, Tek Nek hereby demands a trial by jury of all issues so triable.

        Respectfully submitted,

        */s/ Douglas J. Feichtner*
        Joshua A. Lorentz (0074136)
        Douglas J. Feichtner (0075160)
        DINSMORE & SHOHL LLP
        255 East Fifth Street, Suite 100
        Cincinnati, Ohio 45202
        (513) 977-8200

        *Attorneys for Plaintiff*
        *Tek Nek Toys International, Inc.*

2429770v1